## ANDREW J. CLARK vs. THE CITY OF WILMINGTON.

The city corporation in lawfully grading and opening streets, according to the city plan, is not liable for damages by draining the water on adjacent lots ; except in case of obstructing a natural stream.

THIS was an action for any injury done by the grading and extension of Fifth and Spruce streets, in Wilmington, by which the plaintiff's cellars were flooded, his goods damaged, and the health of his family impaired.

The plaintiff was the owner of lots on Fifth and Spruce streets, the grading of which streets raised them several feet above the natural level of the ground, and caused a pond of water to collect in the lot opposite to plaintiffs's premises, which was a very offensive nuisance, and which it was alledged, penetrated through the street and ran into his cellar. The city at first put a trunk through Spruce street to run the pond off ; but on complaint by the owners of the lots below, they had this trunk removed. The consequence was a collection of water on the lot above, which had no means of escape otherwise than by evaporation.

It was contended that the city was bound to make the streets so as not to injure the plaintiff ; as much so as an individual is bound to use his own property, so as not to prejudice his neighbor ; that if a man dam water, even on his own premises, so that by the leakage of the water through the dam it injures another, he is liable for damages ; and the same where he obstructs the natural flow of water to another's injury.

*The Court* charged the jury that in respect to the civil action of the corporate authorities of the city (as distinct from political action) this municipal comporation is liable as a private corporation, or an individual would be, for the consequences of any illegal act of theirs, or the neglect of any duty ; but the question was, whether the corporation had a right to open these streets as it did open them, and was bound to remove this injurious or offensive pool, caused by the grades of the new streets.

The power of the city council, under the law, and the city ordinances, extends to opening these new streets, according to the city plan. The owners of lots hold them subject to this plan and power, and are bound to build in conformity with that plan. Hence the necessity of applying to the regulators for building directions,

The opening of new streets is for the benefit, and usually on the application of adjoining lot holders, and they must take this benefit, with its disadvantages; at least such injuries as are incident to the proper opening of the streets. The collection of water on lots which are below the grades of new streets, is inevitable, and excepting the case of a running stream, the city would have no power, and is not legally bound, to provide for drawing off this water. They would not have the power; because a tunnel to draw it off of one man's lot, would only put it on another's; and a continued tunnel from every such lot to the river below the street grades, would be next to impossible, even if the city had a right to enter on private property to make such tunnels. The nuisance is not in the street, but on the lot; and the remedy is by raising the lot to a level with the street, which the city is not bound to do. The corporation may be bound to dispose of water above or upon the city grades; which may be done on a general plan by gutters and sewers; but it is not bound to drain ponds which collect on private property below those grades, without any illegal act or neglect of theirs.

It was for the jury to decide then, whether the defendants had power to open Fifth and Spruce streets, in the manner they had been opened; and whether the material used in raising and making these streets was suitable and proper; if so, they were not liable to the plaintiff's action; otherwise, they were bound for the damages he had sustained.

Verdict for defendant.

*Patterson,* for plaintiff.
*Huffington* and *Whiteley,* for defendants.